UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA ESSENMACHER,

       Plaintiff,                              Civil Action No.
                                                      00-CV-74094-DT

vs.

                                                      HON. BERNARD A. FRIEDMAN

ORKIN EXTERMINATING
COMPANY, INC.,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## TO VACATE OR MODIFY THE ARBITRATION AWARD

       This matter is presently before the court on plaintiff's motion to vacate or modify the arbitration award. Defendant has filed a response brief and plaintiff has filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

       Plaintiff commenced this action in Oakland Circuit Court, and defendant timely removed the matter to this court based on diversity of citizenship. Plaintiff is a citizen of the State of Michigan, and defendant is a Delaware corporation with its principal place of business in Georgia. Plaintiff alleges that in August 1997 she contracted with defendant to treat her home for carpenter ant and wasp infestation. As required by the parties' contract, defendant treated plaintiff's home with pesticides once per month from August 1997 to April 1998. Plaintiff alleges that the pesticides caused her to become ill and that she was forced to move out of her house. She asserts claims for negligence, violations of the Michigan Consumer Protection Act, intentional misrepresentation, silent fraud, innocent misrepresentation, and trespass.

       Defendant moved to stay the proceedings and to compel arbitration pursuant to an

arbitration clause in the parties' contract. Over plaintiff's objection, the court granted defendant's motion, dismissed the complaint, and ordered that the dispute be arbitrated. The arbitration, which was held before a panel of three experienced arbitrators pursuant to the rules of the American Arbitration Association, consumed ten days of testimony and argument. The parties presented 31 witnesses, including expert witnesses, and submitted a great deal of documentary evidence. The parties agreed that the arbitration award would be made on a form, similar to a verdict form, on which the arbitrators answered "yes" or "no" to various questions relating to fault, causation, and damages. On this form, the arbitrators indicated that defendant negligently applied one pesticide ("Ficam D"), and therefore found in her favor on her negligence claim. The arbitrators found for defendant on plaintiff's other claims. The arbitrators awarded $28,069.13 for certain categories of property damage (primarily the expenses for decontamination and for loss of use of the house), no damages for personal injury or outrage, and $7,485.36 in interest from the date the complaint was filed, for a total award of $35,554.49.

   Plaintiff argues that the arbitration award should be vacated or modified because the arbitrators allegedly erred (1) in finding as a matter of fact that pesticides other than Ficam D were not negligently applied; (2) in finding as a matter of law that plaintiff's failure to warn claims are preempted by the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"); and (3) in failing to award taxable costs.

   Regarding the alleged factual error, plaintiff argues that it was illogical for the arbitrators to find that Ficam D was negligently applied but that two other pesticide dust products (Drione and Tempo 20) were not. According to plaintiff, the "undisputed facts" established that Ficam D, Drione and Tempo 20 all were misapplied in the same manner, and therefore a finding in

plaintiff's favor as to one compels a finding in her favor as to the others. Because the arbitrators found in defendant's favor as to Drione and Tempo 20, plaintiff concludes that "they must have totally ignored known and uncontradicted facts, were misled by Respondent Orkin's fraudulent misrepresentations . . . , acted arbitrarily and capriciously, and/or were bias against Petitioner." Plaintiff's Brief, p. 5.

Regarding the alleged legal error, plaintiff argues that the arbitrators incorrectly concluded that FIFRA preempts her claims that defendant failed to convey to her various warnings indicated on the label(s), i.e., that she should not be in the house while it was being treated, that she should not inhale or swallow pesticide dust, and that she should wash her hands or clothes if they came into contact with pesticides. Plaintiff argues that this claim is not barred by FIFRA's preemption provision, 7 U.S.C. § 136v.

Finally, plaintiff argues that the arbitrators' decision not to award costs is inconsistent with this court's earlier order requiring defendant to "pay all of the costs of arbitration." Further, plaintiff argues that because she prevailed on one of her claims, she is entitled to recoup taxable costs to the same extent as would have been awarded had the matter been litigated in court.

Under the Federal Arbitration Act, the court may vacate an arbitration award only under the following four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been

3

>prejudiced; or
>
>(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  In addition, the court may modify or correct an arbitration award under the following three circumstances:

>(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
>(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
>(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.  In interpreting these statutory provisions, the Sixth Circuit has stated:

>A federal court may set aside an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, only when certain statutory or judicially created grounds are presented. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420 (6th Cir.1995).... [A]bsent circumstances indicating that the arbitration process was tainted by the statutory grounds of fraud, corruption, or arbitrator misconduct, a federal court may also vacate arbitration awards made "in manifest disregard of the law." *Id.* at 421 (*quoting Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)). The manifest disregard of the law standard is very narrow. "A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 70 F.3d at 421 (citation omitted). An arbitrator acts in manifest disregard of the law only if the applicable legal principle is clear and well-settled and the arbitrator refuses to follow that legal principle. *Id.*  When the arbitrator does not explain his resolution of certain questions of law, as in this case, the award must be confirmed if the court can find any line of argument that is legally plausible and supports the award. *Id.*

*Golden Brands, LLC v. Castle Cheese, Inc.*, 110 Fed.Appx. 666, 668 (6th Cir. 2004).  In another

4

recent case, the Sixth Circuit elaborated on these legal standards as follows:

> "It is well established that courts should play only a limited role in reviewing the decisions of arbitrators." *Shelby County Health Care Corp. v. A.F.S.C.M.E., Local 1733,* 967 F.2d 1091, 1094 (6th Cir.1992). The Federal Arbitration Act presumes that arbitration awards will be confirmed. *See* 9 U.S.C. § 9 (1994); *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir.1998). A court may vacate an arbitration award [under the four statutory circumstances]. In addition, a reviewing court may vacate an award where the arbitrators have manifestly disregarded the law. *See Glennon*, 83 F.3d at 136.
>
> \* \* \*
>
> Our review for manifest disregard of the law does not open the door to extensive review of arbitral awards. *See Jaros*, 70 F.3d at 421 ("This court has emphasized that manifest disregard of the law is a very narrow standard of review.").
>
> An arbitration decision "must fly in the face of established legal precedent" for us to find manifest disregard of the law. *Id.* An arbitration panel acts with manifest disregard if "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Id.* Thus, to find manifest disregard a court must find two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it. *See M & C Corp. v. Erwin Behr GmbH & Co.*, 87 F.3d 844, 851 n. 3 (6th Cir.1996) (noting that if its review of an arbitral award were based on FAA standards, there was no manifest disregard since any mistake in applying the law was inadvertent and not based on a conscious decision to ignore the law). Arbitrators are not required to explain their decisions. If they choose not to do so, it is all but impossible to determine whether they acted with manifest disregard for the law. *See Jaros*, 70 F.3d at 421.
>
> \* \* \*
>
> The arbitrators' decision in this case outlined the parties' contentions and discussed the claims and evidence in some detail for some three-and-a-half, single-spaced pages. The monetary award simply designated the amount of damages without detailed explanation. It is difficult to say that the arbitrators refused to heed a clearly defined legal principle. Dawahare points to nothing in the record that shows the arbitrators' awareness of the common law that

>he alleges to be applicable. This is not a case where one of the parties clearly stated the law and the arbitrators expressly chose not to follow it.
>
>\*   \*   \*
>
>Dawahare's argument on manifest disregard of the law is premised on the fact that the only damages evidence was his expert's opinion that he had sustained damages in excess of $600,000. In essence, he argues that the arbitrators were compelled to accept this testimony and award that amount. We agree with the district court's observation that "[e]xpert testimony, even if uncontradicted, may be believed in its entirety, in part, or not at all." *See also Quinones-Pacheco v. American Airlines, Inc.*, 979 F.2d 1, 5 (1st Cir.1992) (fact finder not ordinarily bound by uncontradicted expert opinion testimony, particularly where testimony "lacks great convictive force" in context of evidence as a whole); *Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1469-70 (11th Cir.1989) (expert testimony is not conclusive and need not be accepted). The court also pointed out that the expert's opinion had been impeached on cross-examination and that there was evidence that Dawahare maintained substantial control over his investments. For us to hold that the arbitration panel was compelled to accept Dawahare's expert's damages evidence would be to disregard the fact finder's responsibility to evaluate testimony.
>
>We decline to adopt Dawahare's suggestion that we engage in a more extensive review of arbitration awards. To do so would undermine the goal of the arbitration process: to resolve disputes efficiently while avoiding extended litigation. *See, e.g., Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997); *Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 441 (6th Cir.1985).

*Dawahare v. Spencer*, 210 F.3d 666, 669-71 (6th Cir. 2000).

Applying these principles to the present case, the court concludes that plaintiff has failed to demonstrate any grounds which would permit the court to modify, correct or vacate the arbitration award. Clearly, there are no grounds to modify or correct the award under 9 U.S.C. § 11, as plaintiff has not identified any mathematical or procedural error. Nor is there any basis for vacating the award, as plaintiff has failed to demonstrate any corruption, fraud, undue means,

partiality, misconduct or misbehavior by the arbitrators.

The only remaining grounds to vacate are that the arbitrators manifestly disregarded the law, but plaintiff manifestly has failed to make any such showing. The evidence conflicted as to whether defendant negligently applied any of various pesticides, and the arbitrators simply resolved the conflict by finding in plaintiff's favor as to one and in defendant's favor as to the others. Specifically regarding Drione and Tempo 20, which plaintiff contends "must" have been negligently applied given the finding that Ficam D was so applied, the court notes that an investigation by the Michigan Department of Agriculture found only Ficam D (Bendiocarb). *See* defendant's Exhibit A-15. Defendant's expert, Gary Bennett, testified that Defendant's technicians had not misapplied either Drione or Tempo 20. *See* defendant's Exhibit C. Arbitrators, like any fact-finders, are entitled and expected to weigh the evidence, assess witnesses' credibility, and resolve factual conflicts, and this is precisely what the arbitrators did in the present case by finding that Ficam D was negligently applied but that the other pesticides were not.

Plaintiff's argument regarding the arbitrators' alleged legal error is equally unpersuasive. As noted above, for this argument to prevail plaintiff would have to show that "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." Plaintiff has made no such showing. In her post-hearing brief filed with the arbitrators, plaintiff did not cite a single case in which a court held that FIFRA preemption does not apply to a claim by a consumer that an applicator failed to convey warnings on a pesticide label. By contrast, defendant in its post-hearing brief cited case authority for the proposition that FIFRA preempts any state law claims based on the allegation that labels contain insufficient warnings. Under these circumstances, the court cannot say that the arbitrators

7

refused to heed a clearly defined legal principle.

Even if the arbitrators erred in their legal conclusion regarding FIFRA preemption, defendant correctly notes that any such error was harmless because the arbitrators also found that defendant did not fail to provide plaintiff with any necessary warnings. In other words, the arbitrators found against plaintiff both procedurally and on the merits as to this issue. Plaintiff has offered no reason for disturbing this factual findings.

Finally, the court finds no basis for modifying or vacating the award on the grounds that the arbitrators awarded plaintiff no costs. In its earlier order, the court did order that defendant "pay all of the costs of arbitration." However, those "costs" referred to the AAA filing fee and the arbitrators' fees (which defendant apparently has paid), not other litigation expenses or items which might be taxable court costs under Fed. R. Civ. P. 54(b) and 28 U.S.C. § 1920. As defendant correctly notes, the AAA rules require each party to bear its own costs unless the arbitrators make a different apportionment in their award. The arbitrators acted within their discretion by applying the rule and awarding plaintiff no costs.

For these reasons, the court concludes plaintiff has not demonstrated that the arbitrators committed any factual or legal error. Accordingly,

        IT IS ORDERED that plaintiff's motion to vacate or modify the arbitration award is denied.

                                              _____s/Bernard A Friedman_____
                                              BERNARD A. FRIEDMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated:   March 23, 2006
            Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

_____**/s/ Patricia Foster Hommel**_____
       **Patricia Foster Hommel**
   **Secretary to Chief Judge Friedman**

9